IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 JAN -3 A 10: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SHERRY ANN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | 3:07CV13-WKW |
| | ) | JURY DEMAND |
| | ) | |
| WELLBORN FOREST PRODUCTS, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

I.  **JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to the Act of Congress known as Title VII of, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e. This suit also asserts state law claims of invasion of privacy, outrage, assault and battery, and negligent retention under Alabama law.

2.  The court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202. Jurisdiction over plaintiff's

1

claims based on Alabama law exist under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

## II. PARTIES

3. The plaintiff, Sherry Ann Bishop, is a male citizen of the United States and a resident of this judicial district and division. The plaintiff was an employee of the defendant during all relevant periods for this lawsuit.

4. Defendant, Wellborn Forest Products, is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and during all times relevant has conducted business in the State of Alabama.

## III. FACTUAL ALLEGATIONS

5. Plaintiff, Sherry Ann Bishop, was employed with the defendant until the defendant would not call her back to work. The plaintiff was hired with in February, 2005 as a Sander.

6. During the plaintiff's employment with defendant, she was sexually harassed by a co-employee, Brad Conn. Mr. Conn touched the plaintiff's buttocks, offered her money for sex and asked her to have sex with him on numerous occasions. Mr. Conn also made sexually inappropriate comments about the plaintiff's body and her clothing on

a continuous basis. Mr. Conn talked about his sex life with other females in the plaintiff's presence. In addition, Mr. Conn would simulated sex acts with one of the machines at the defendant plant and would stare at the plaintiff while licking the top of a coke bottle. These acts continued to a daily basis while the plaintiff was employed with defendant.

7. Mr. Conn also sexually harassed other female employees, Janna and Bobbie.

8. Mr. Conn engaged in these actions in front of supervisors (Chad and Norm), yet nothing was done to stop his harassment.

9. The plaintiff found Mr. Conn's touching, comments and actions to be offensive. The plaintiff continually rejected the advances of Mr. Conn and made it known that she did not appreciate nor would she participate and/or condone such behavior.

10. The plaintiff complained to the supervisors, Chad and Norm, and to the plaintiff manager, James Fell; however, no prompt remedial action was taken.

11. After the plaintiff's complaints regarding the sexual harassment and her filing an EEOC charge on May 23, 2005, the plaintiff was retaliated against by the defendant. The plaintiff requested light duty assignments

and was not given these assignments and was further not been allowed to return to work. Employees who did not complain about sexual harassment have been afforded light duty work and allowed to return to work.

12. The defendant's reason was not legitimate and a pretext to discrimination and retaliation.

13. Because of the sexual harassment and the defendant's failure to appropriately handle the complaint of sexual harassment, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

14. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory, injunctive and other relief is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

IV. **CAUSES OF ACTION**

    A. **TITLE VII - SEX DISCRIMINATION AND HARASSMENT**

15. The plaintiff adopts and re-alleges Paragraphs 1-14 above as if fully set forth in full herein.

16. This claim is brought against defendant Wellborn Forest Products.

17. The plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The plaintiff was subjected to harassment by a co-worker in front of supervisors on account of her sex and such harassment created a sexually hostile work environment. The harassment was continuing in nature.

**B.   CLAIM TWO - TITLE VII RETALIATION**

18. The plaintiff adopts and re-alleges Paragraphs 1-17 above as if fully set forth in full herein.

19. This claim is brought against defendant Wellborn Forest Products.

20. The plaintiff was retaliated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The plaintiff was subjected to harassment by a co-worker in front of supervisors on account of her sex and such harassment created a sexually hostile work environment. The harassment was continuing in nature. The plaintiff complained about the harassment and no corrective action was taken. After plaintiff's complaints, she was not allowed to return to work with light duty assignments.

C. **CLAIM THREE - INVASION OF PRIVACY**

21. Plaintiff adopts and re-alleges Paragraphs 1-20 above as if fully set forth in full herein.

22. This claim is brought against defendant Wellborn Forest Products for its ratification of the sexual harassment by Brad Conn.

23. Brad Conn invaded the privacy of the plaintiff by, among other things, making improper and sexually explicit comments about the plaintiff and touching the plaintiff in an unwanted and sexual manner.

24. Defendant, Wellborn Forest Products, ratified the conduct of Brad Conn in that it had actual knowledge of his conduct, knew or should have known such conduct constituted sexual harassment and an invasion of privacy, and failed to take adequate steps to remedy the situation.

25. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

26. Defendant acted with malice and/or reckless indifference toward the plaintiff.

D. **CLAIM FOUR - ASSAULT AND BATTERY**

27. Plaintiff adopts and re-alleges Paragraphs 1-26 above as if fully set forth in full herein.

28. This claim is brought against defendant, Wellborn Forest Products, for its knowing ratification of the actions of Brad Conn.

29. Brad Conn subjected the plaintiff to numerous unwanted touchings in private places on her body.

30. Defendant, Wellborn Forest Products, ratified the conduct of Brad Conn in that it had actual knowledge of his conduct, knew or should have known such conduct constituted sexual harassment and an assault and battery, and failed to take adequate steps to remedy the situation.

31. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

32. Defendant acted with malice and/or reckless indifference toward the plaintiff.

E. **CLAIM FIVE - OUTRAGE**

33. Plaintiff adopts and re-alleges Paragraphs 1-32 above as if fully set forth in full herein.

34. This claim is brought against defendant, Wellborn Forest Products, for its knowing ratification of the actions of Brad Conn.

35. The defendant outrageously and intentionally inflicted emotional distress upon the plaintiff by subjecting her to abusive and harmful touching and

by using sexually abusive, profane, insensitive and unprofessional language toward the plaintiff. The defendant caused the plaintiff severe emotional distress by committing vulgar, explicit acts in his presence.

36. Defendant, Wellborn Forest Products, has caused the plaintiff severe emotional distress by refusing to take corrective action once notified of the harassing conduct.

37. Defendant, Wellborn Forest Products, ratified the conduct of Brad Conn in that it had actual knowledge of his conduct, knew or should have known such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

38. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

39. Defendant acted with malice and/or reckless indifference toward the plaintiff.

**F.   CLAIM SIX - NEGLIGENT RETENTION**

40. Plaintiff adopts and re-alleges Paragraphs 1-39 above as if fully set forth in full herein.

41. This claim is brought against defendant, Wellborn Forest Products.

42. The defendant negligently retained Brad Conn after the plaintiff reported

his sexually harassing conduct. By its action, the defendant ratified and/or condoned his sexual harassment of the plaintiff.

43. The defendant had actual knowledge of the Brad Conn's conduct, knew or should have known that such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

44. The defendant retained Brad Conn as an employee after it had knowledge of his sexually harassing conduct.

45. The defendant's failure to adequately remedy the situation, regarding the harassment of the plaintiff, caused the plaintiff to suffered severe emotional distress, embarrassment and humiliation.

46. Defendant acted with malice and/or reckless indifference toward the plaintiff.

IV. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendant violate the rights of the plaintiff as secured by 42 U.S.C. §2000e, the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991, and pendent state law claims.

2. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with defendant and at defendant's request from continuing to violate 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and pendent state law claims.

3. Enter an order requiring the defendants to make the plaintiff whole by reinstating her to the position he would have had in the absence of the retaliation and harassment, back-pay (plus interest), front-pay, compensatory, punitive and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

_____
Gregory O. Wiggins
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

_____
Kevin W. Jent


**DEFENDANT'S ADDRESS:**

Wellborn Forest Products
2212 Airport Blvd.
Alexander City, Alabama 35010