IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHERRY ANN BISHOP, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    CIVIL ACTION NO.: |
| v. | )    3:07CV13-WKW |
| | ) |
| WELLBORN FOREST PRODUCTS, | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

Comes now Defendant, Wellborn Forest Products ("Defendant" or "Wellborn"), and responds to the Complaint of Plaintiff Sherry Ann Bishop ("Plaintiff" or "Bishop") as follows:

**I.**     **JURISDICTION**

    1.     In response to Paragraph 1 of the Complaint, Defendant denies that Plaintiff properly invokes jurisdiction of claims in this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., ("Title VII") and the laws of the State of Alabama. Defendant also denies that it violated Plaintiff's rights under this statute, or any other federal, state or local law, and Defendant denies that Plaintiff is entitled to any form of the relief she claims.

    2.     For answer to Paragraph 2, Defendant denies that Plaintiff properly seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 1343(a) (4), 2201 and 2202 and denies this Court has supplemental jurisdiction over Plaintiff's Alabama state law claims pursuant to 28 U.S.C. § 1367 because the Plaintiff has not met her administrative conditions precedent to suit under Title VII.

1

**II.     PARTIES**

3.  Defendant admits only that the Plaintiff is a citizen of the United States, and that she was employed by Defendant from February 2005 to July 2005; Defendant denies that the Plaintiff is male, and Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies the same.

4.  Defendant admits that during all times relevant to this action, it has conducted business in the State of Alabama, but denies that it is subject to suit under Title VII.

**III.    FACTUAL ALLEGATIONS**

5.  Defendant denies all allegations of Paragraph 5, except Defendant admits that Plaintiff began her employment with Defendant in February 2005, and that she voluntarily quit her employment with Defendant.

6.  Defendant denies the allegations of Paragraph 6.

7.  Defendant denies the allegations of Paragraph 7.

8.  Defendant denies the allegations of Paragraph 8.

9.  Defendant denies that Plaintiff was ever subjected to sexual harassment by Conn or any other Wellborn employee, but admits that Plaintiff made a report that Brad Conn was telling her how to do her job to Defendant's Human Resources Representative Shellia McCormick in or about May 2005, and further pleads that Defendant initiated a thorough investigation and that Ms. McCormick consulted with Plaintiff regarding the results of said investigation and took prompt remedial action, but otherwise denies all remaining allegations of Paragraph 9.

10. Defendant admits only that Plaintiff made a report that Brad Conn was telling her how to do her job to Defendant's Human Resources Representative Shellia McCormick in or about May 2005, and further pleads that Defendant initiated a thorough investigation and that

Ms. McCormick consulted with Plaintiff regarding the results of said investigation, and took prompt remedial action in response to her report, but otherwise denies all remaining allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11, except Defendant admits that Plaintiff filed an EEOC Charge that appears to have been signed and submitted by her on May 21, 2005, and admits further that she voluntarily quit her employment because she felt she was medically unable to perform her job, that she later requested to be hired to perform only "light duty" assignments, and that Defendant did not reinstate Plaintiff because it had no "light duty" job.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

## IV.   CAUSES OF ACTION

### A.   TITLE VII – SEX DISCRIMINATION AND HARASSMENT

15. Defendant adopts and incorporates its responses to Paragraphs 1-14 herein.

16. Defendant admits that Plaintiff has filed the present lawsuit against it, but denies that Plaintiff is entitled to any form of the relief she claims, and to the extent Paragraph 16 contains any factual allegations, Defendant denies the same.

17. Defendant denies the allegations of Paragraph 17.

### B.   CLAIM TWO – TITLE VII RETALIATION

18. Defendant adopts and incorporates its responses to Paragraphs 1-17 herein.

19. Defendant admits that Plaintiff has filed the present lawsuit against it, but denies that Plaintiff is entitled to any form of the relief she claims, and to the extent that Paragraph 19 contains any factual allegations, Defendant denies the same..

20. Defendant denies the allegations of Paragraph 20.

## C. CLAIM THREE – INVASION OF PROPERTY

21. Defendant adopts and incorporates its responses to Paragraphs 1-20 herein.

22. Defendant admits that Plaintiff has filed the present lawsuit against it, but to the extent Paragraph 22 contains any factual allegations, Defendant denies the same, as well as denies that Plaintiff is entitled to any form of the relief she claims.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

## D. CLAIM FOUR – ASSUALT AND BATTERY

27. The Defendant adopts and incorporates its responses to Paragraphs 1-26 herein.

28. Defendant admits that Plaintiff has filed the present lawsuit against it, but to the extent Paragraph 28 contains any factual allegations against Defendant, Defendant denies the same, and likewise denies that Plaintiff is entitled to any form of the relief she claims.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

## E. CLAIM FIVE – OUTRAGE

33. Defendant adopts and incorporates its responses to Paragraphs 1-32 herein.

34. Defendant admits that Plaintiff has filed the present lawsuit against it, but to the extent Paragraph 34 contains any factual allegations against Defendant, Defendant denies the same, and likewise denies that Plaintiff is entitled to any form of the relief she claims.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

F. **CLAIM SIX – NEGLIGENT RETENTION**

40. Defendant adopts and incorporates its responses to Paragraphs 1-39 herein.

41. Defendant admits that Plaintiff has filed the present lawsuit against it, but denies that Plaintiff is entitled to any form of the relief she seeks, and to the extent Paragraph 41 contains any factual allegations, Defendant denies the same.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

IV. **PRAYER FOR RELIEF**

In answer to Plaintiff's Prayer for Relief and Paragraphs 1 – 4 contained therein, Defendant denies that Plaintiff is entitled to any of the relief sought in this action or to any form of legal or equitable relief, and further, to the extent that Paragraphs 1 – 4 of the Plaintiff's Prayer for Relief may be construed as factual allegations, such allegations are denied.

In further answer to Plaintiff's Complaint, Defendant asserts the following affirmative defenses:

**FIRST DEFENSE**

47. Except to the extent admitted above, all allegations of the complaint are denied.

## SECOND DEFENSE

48.     To the extent any claim filed arises outside of any applicable state or federal statue of limitation, it is due to be precluded.

## THIRD DEFENSE

49.     Defendant denies Plaintiff satisfied the conditions precedent for suit under Title VII of the Civil Rights Act of 1964, as amended.

## FOURTH DEFENSE

50.     Plaintiff's failure to mitigate her damages precludes and/or limits Plaintiff's damages.

## FIFTH DEFENSE

51.     Some or all of the claims in this complaint are barred by the doctrine of waiver and/or estoppel and pending discovery, and Defendant asserts the doctrine of newly discovered evidence to preclude waiver.

## SIXTH DEFENSE

52.     Defendant pleads the defense recognized by the U. S. Supreme Court in *Faragher v. City of Boca Raton* and *Burlington Industries, Inc. v. Ellerth,* that Defendant maintained a policy against sexual harassment which was properly implemented and applied, and Plaintiff unreasonably failed to avail herself of said policy in regard to some or all of her claims.

## SEVENTH DEFENSE

53.     If any conduct which was in violation of Defendant's policy against sexual harassment occurred, it was outside the line and scope of employment of Wellborn employees and therefore, Wellborn is not liable for said conduct under *respondeat superior* and asserts that defense to for any state or federal claim otherwise established.

**EIGHTH DEFENSE**

54. Plaintiff cannot show any alleged harassment was unwanted and thus cannot prove a *prima facie* case of sexual harassment.

**NINTH DEFENSE**

55. All employment decisions made by Wellborn with regard to Plaintiff's employment were motivated by legitimate, non-retaliatory reasons unrelated to Plaintiff's claim of harassment and/or discrimination.

**TENTH DEFENSE**

56. Plaintiff was at all times an "at will" employee of Defendant and quit her job properly under said doctrine.

**ELEVENTH DEFENSE**

57. Plaintiff's complaints to Defendant did not fall under the protection of either the "opposition" or the "participation" clause of 42 U.S.C. Section 2000-3(a).

**TWELFTH DEFENSE**

58. No causal connection exists between any challenged employment decision and plaintiff's sex or her opposition to unlawful employment practices under Title VII.

**THIRTEENTH DEFENSE**

59. To the extent Plaintiff seeks redress for incidents occurring more than one-hundred and eighty days (180) prior to the filing of her EEOC charge, such claims are barred.

**FOURTEENTH DEFENSE**

60. Plaintiff's claims are barred to the extent they exceed the scope of the allegations contained in her EEOC charge.

### FIFTEENTH DEFENSE

61. The conduct alleged does not rise to the level of "outrage" so as to state a claim under the law of the State of Alabama.

### SIXTEENTH DEFENSE

62. Wellborn did not authorize or ratify an alleged unlawful or tortious conduct by any employee against Plaintiff.

### SEVENTEENTH DEFENSE

63. Plaintiff cannot show she was subjected to adverse employment actions as a matter of law.

### EIGHTEENTH DEFENSE

64. The conduct complained of by Plaintiff did not rise to the level of severity and perversity required to prove or hostile work environment.

### NINETEENTH DEFENSE

65. Wellborn has neither engaged in nor ratified any conduct of such a degree as to be a wrongful intrusion into Plaintiff's physical solitude or into Plaintiff's private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

### TWENTIETH DEFENSE

66. At all times relevant to this action, Wellborn maintained and enforced policies and practices prohibiting discrimination and harassment based on sex and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant; therefore, because Wellborn adhered to its policy prohibiting sexual harassment or discrimination based on sex at all times relevant to this action, and since Wellborn did not

maliciously, wantonly, recklessly, or intentionally violate such policies and practices, punitive damages are not allowable in this case.

## TWENTY-FIRST DEFENSE

67. Plaintiff cannot prove future pecuniary losses, emotional pain and suffering, loss of employment of life or other non-pecuniary damages so as to justify an award of compensatory damages under 42 U.S.C. Section 1981a(b)(3).

## TWENTY-SECOND DEFENSE

68. There is no causal connection between any action by Defendant and any emotional damages to Plaintiff.

## TWENTY-THIRD DEFENSE

69. If unlawful motive under 42 U.S.C. Section 2000e-2(m) is shown, Defendant will prove it would have taken the same action absent the unlawful motive and claims the limits on damages set out in 42 U.S.C. Section 2000e-5(g)(B).

## TWENTY-FOURTH DEFENSE

70. Plaintiff cannot prove malice or reckless indifference to her federally protected rights so as to warrant an award of punitive damages under 42 U.S.C. Section 1981 a(b)(1).

## TWENTY-FIFTH DEFENSE

71. Defendant claims all constitutional protection against punitive damages available under the constitutions of both the United States and the State of Alabama.

## TWENTY-SIXTH DEFENSE

72. Plaintiff has failed to include a necessary party as to the claims of this case.

**WHEREFORE,** Defendant, having answered the complaint, prays that this complaint be dismissed with prejudice, that the judgment be entered in its favor on all claims and causes of actions asserted by the Plaintiff, and that Wellborn have such other any further relief that this

Court deems just and proper, including but not limited to an award of fees and costs expended in defense of any and all frivolous and vexatious claims.

        Respectfully submitted,

        s/ Alysonne O. Hatfield
        J. Richard Carrigan
        Alysonne O. Hatfield
        **Ogletree, Deakins, Nash, Smoak & Stewart**
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203-2118
        (205) 328-1900
        (205) 328-6000
        Email: Richard.Carrigan@odnss.com
        Email: Alysonne.Hatfield@odnss.com
        Attorneys for Defendant Wellborn Forest Products

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 22nd day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Greg Wiggins gwiggins@wcqp.com and Kevin Jent at kjent@wcqp.com.

        s/ Alysonne O. Hatfield
        Alysonne O. Hatfield
        **Ogletree, Deakins, Nash, Smoak & Stewart**
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203-2118
        (205) 328-1900
        (205) 328-6000
        Email: Alysonne.Hatfield@odnss.com