IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHERRY ANN BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 03:07-CV-13-WKW |
| ) | JURY DEMAND |
| ) | |
| WELLBORN FOREST ) | |
| PRODUCTS, ) | |
| ) | |
| Defendant. ) | |

## **REPORT OF PARTIES' PLANNING MEETING**[1]

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on March 9, 2007, with the following parties participating in said planning meeting:

      Kevin W. Jent, WIGGINS, CHILDS, QUINN & PANTAZIS, P.C., on behalf of plaintiff, Sherry Ann Bishop

      Alysonne Hatfield, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, on behalf of defendant, Welborn Forest Products

---

[1] Pursuant to § II.C.3. of the Civil Cases Administrative Procedures for the Middle District's CM/ECF program, the parties certify that they have agreed to submit this document with the electronic signatures of counsel for both parties.

2.    **Pre-Discovery Disclosures.**  The parties will exchange the information required by Local Rule 26.1(a)(1) on or before **April 16, 2007.**

3.    **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

(A)    Whether Plaintiff was subject to sexual harassment and /or a sexually hostile work environment by her co-employee, Brad Conn, while employed by Defendant;
(B)    Whether Plaintiff complained to Defendant that she was being sexually harassed;
(C)    If Plaintiff made any such complaints of sex harassment while employed at Defendant, whether Defendant took prompt remedial action in response to such complaints;
(D)    Whether Defendant is entitled to its Faragher/Ellerth defense;
(E)    After Plaintiff voluntarily quit her employment at Defendant, whether Defendant retaliated against her when it did not rehire her;
(F)    Whether Brad Conn invaded Plaintiff's privacy as such act has been defined by Alabama law, and whether Defendant is vicariously liable for such alleged act;
(G)    Whether Brad Conn committed assault and/or battery against Plaintiff within the meaning of those terms as defined by Alabama law, and whether Defendant is liable for any such alleged acts;
(H)    Whether Brad Conn's alleged acts constitute the tort of outrage as defined by Alabama law, and whether Defendant is vicariously liable for such alleged tort; and
(I)    Whether Defendant negligently retained Brad Conn.

Disclosure or discovery of electronically stored information should be handled as follows: The parties stipulate that, with respect to any electronically stored documents that are identified or requested during the course of discovery, such documents, to the extent reasonable accessible or otherwise not objectionable, will be produced either as a hard copy on paper, or stored on a CD or a DVD formatted as a TIFF (tagged image file format) file.

The parties agree that any inadvertently produced material that any party claims as privileged or as trial preparation material shall be promptly returned, sequestered or destroyed once a request for the same is made within a reasonable time after disclosure. The parties request that this agreement be reflected in the Court's Scheduling Order.

    a.    All discovery commenced in time to be completed by **December 3, 2008.**

    b.    Maximum of thirty (30) interrogatories by each party to each party.

    c.    Maximum of thirty (30) requests for admission by each party to each party.

    d.    Maximum of thirty (30) request for production of document by each party to each party.

    e.    Maximum of five (5) depositions by plaintiff and five (5) by defendant.

    f.    Reports from retained experts under Rule 26(a)(2) due:

        from plaintiff by **September 28, 2007.**
        from defendant by **October 31, 2007.**

    g.    Supplementation of the core disclosures under Rule 26(e) will be due within 30 days after the date the party learns that the information previously provided is incomplete or incorrect.

4. **Other Items.**

    a.    Plaintiff should be allowed until **June 1, 2007** to join additional parties and to amend the pleadings.

    b.    Defendant should be allowed until **July 1, 2007** to join additional

      parties and to amend the pleadings.

c. All potentially dispositive motions should be filed by **November 1, 2007.**

d. Settlement cannot be realistically evaluated prior to the completion of discovery.

e. The parties request a final pretrial conference in **February 2008.**

f. Final lists of trial evidence under Rule 26(a)(3), both witnesses and exhibits, should be due from the plaintiff and defendant thirty (30) days prior to trial.

g. Parties should have ten (10) days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h. The case should be ready for trial **in Opelika, Alabama by March 10, 2008,** and at this time is expected to take approximately 2-3 days.

Date: March 9, 2007:

                                  /s Kevin W. Jent
                                  Gregory O. Wiggins
                                  Kevin W. Jent
                                  Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

/s/ Alysonne O. Hatfield
J. Richard Carrigan
Alysonne O. Hatfield
Counsel for the Defendant

OF COUNSEL:

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
205/328-1900